USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 1/22/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIO CASTRO,

                Petitioner,

v.

JAMIE LAMANNA, SUPERINTENDENT
OF THE GREEN HAVEN CORRECTIONAL
FACILITY,

                Respondent.

18-CV-3315 (RA)

MEMORANDUM OPINION
& ORDER

RONNIE ABRAMS, United States District Judge:

*Pro se* Petitioner Mario Castro moves for a stay of his petition for habeas corpus so that he may exhaust his two ineffective assistance of counsel claims in state court. The motion is denied.

A court's decision to stay a habeas petition is only appropriate in "'limited circumstances,' because 'stay and abeyance, if employed too frequently, has the potential to undermine the twin purposes' of finality and streamlined review embodied by the federal habeas statute." *Perkins v. LaValley*, No. 11 Civ. 3855 (JGK), 2012 WL 1948773, at *2 (S.D.N.Y. May 30, 2012) (quoting *Rhines*, 544 U.S. at 276-77). A court may stay a habeas petition to allow for exhaustion of claims in state court only if the petitioner demonstrates that: (1) there is "good cause" for his or her failure to exhaust; (2) his or her unexhausted claims are potentially meritorious; and (3) there is no indication that he or she is engaging in intentionally dilatory litigation tactics. *See Rhines v. Weber*, 544 U.S. 269, 276-278 (2005); *Vasquez v. Parrott*, 397 F. Supp. 2d 452, 464 (S.D.N.Y. 2005).

Neither the Supreme Court nor the Second Circuit has defined what constitutes "good cause" for failure to exhaust. Courts in this Circuit have held that "good cause" in this context "is analogous to the 'cause' required to excuse a procedural default-that is, a cause 'external' to

the petitioner." *E.g., Taylor v. Poole*, No. 07 Civ. 6318 (RJH)(GWG), 2009 WL 2634724, at *30 (S.D.N.Y. Aug. 27, 2009), *adopted by* 2011 WL 3809887 (Aug. 26, 2011); *King v. Phillips*, No. 03-CV-6073 (NGG), 2006 WL 3358996, at *3 (E.D.N.Y. Oct. 3, 2006) (stating that a petitioner "must, at the very least, demonstrate that [his or her] failure to exhaust is attributable to 'external factors'; i.e., that the reasons for the failure are not attributable to the petitioner"); *cf. Murray v. Carrier*, 477 U.S. 478, 488 (1986) ("[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."). Some courts in this Circuit, including this one, have also held that a plaintiff may show "good cause" where he or she can demonstrate "reasonable confusion about whether a state filing would [have been] timely." *Rivera v. Kaplan*, No. 17-CV-2257 (RA), 2017 WL 3017713, at *3 (S.D.N.Y. July 13, 2017) (quoting dicta from *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court").

In this case, Petitioner argues that he did not exhaust his ineffective assistance of counsel claims because he was unaware that these claims were legally viable until after he could have brought them. Specifically, Castro contends that only when he "was preparing the instant petition" did he learn that his trial counsel had been ineffective by: (1) not objecting to a forensic expert's testimony regarding his DNA profile that the witness had not herself participated in preparing and (2) failing to have his own forensic expert test the DNA. *See* Petition at 13 ¶¶ 13, 16; 10-12. Petitioner also states that, "[a]s a prisoner pro se litigant, [he] has [had] the added disadvantage of having to rely on the facility law library clerks to prepare his pleadings and documents." *Id.* ¶ 16.

2

Petitioner's ignorance of the law, however, does not constitute "good cause" for failure to exhaust. *See, e.g., Ramdeo v. Phillips*, No. 04-CV-1157 (SLT), 2006 WL 297462, at *7 (E.D.N.Y. Feb. 8, 2006) (A *pro se* petitioner's argument that "failure to exhaust is attributable to his own ignorance of the law," rather than attributing it to "an external cause for his delay in exhausting the claims he now seeks to raise," is insufficient to make out "good cause."); *Williams v. Sheehan*, No. 11-cv-2435 (KAM)(LB), 2014 WL 3734332, at *9 (E.D.N.Y. July 14, 2014) (finding that a *pro se* petitioner had not demonstrated "good cause" for failure to exhaust where he supposedly first learned of his potential ineffective assistance of counsel claim only after speaking to a law library clerk); *Williams v. Marshall*, No. 09 Civ. 7411 (RJH)(MHD), 2011 WL 1334849, at *2 (S.D.N.Y. March 30, 2011) (finding that a *pro se* petitioner had not shown "good cause" for failure to exhaust where his arguments for a stay were "based simply on his not having recognized until after he had filed his habeas petition that he had potential Sixth Amendment claims targeting both his trial and his appellate attorneys"); *Holguin v. Lee*, No. 13 Civ. 1492 (LGS)(JLC), 2013 WL 3344070, at *2 (S.D.N.Y. July 3, 2013) (finding that a *pro se* petitioner had not shown "good cause" for failure to exhaust where he had been unaware that an assistance of counsel claim was potentially viable) (internal quotation marks omitted); *see also McCrae v. Artus*, No. 10-CV-2988 (RRM), 2012 WL 3800840, at *10 (S.D.N.Y. Sep. 2, 2012) ("[A]s most habeas petitions are brought *pro se*, if an inadvertent failure based on ignorance of the law were enough to demonstrate reasonable confusion, the *Rhines* cause requirement would cease to exist.") (internal quotation marks omitted).

Nor can Castro show "good cause" for failure to exhaust because he had "to rely on the facility law library clerks to prepare his pleadings and documents." Petition at 13 ¶ 16. *See Wesley-Rosa v. Kaplan*, 274 F. Supp. 3d 126, 129 (E.D.N.Y. 2017) ("[T]he fact that the process

3

for gaining access to the law library is time consuming," combined with delays caused by other "ordinary badges of incarceration," does not qualify as a showing of "good cause" for failure to exhaust.); *Brown v. Bradt*, No. 11-CV-972 (GLS)(CFH), 2013 WL 1636070, at *12 (N.D.N.Y. March 25, 2013), *adopted by* 2013 WL 1628726 (Apr. 16, 2013) ("An inmate's lack of access to a law library does not constitute good cause pursuant to *Rhines*.") (internal quotation marks omitted); *Stephanski v. Superintendent of Upstate Corr. Facility*, 433 F. Supp. 2d 273, 279 (W.D.N.Y. 2006) (holding that a pro petitioner could not show "good cause" to exhaust his ineffective assistance of counsel claim in state court based solely on his assertions that "he is a layman, has no legal training, a limited education with poor comprehension skills, and limited access to legal materials or persons trained to provide adequate legal assistance") (internal quotation marks omitted).

Because Petitioner has not demonstrated "good cause" for his failure to exhaust his ineffective assistance of counsel claims prior to filing his habeas petition, the Court need not decide whether these claims have merit or if he was dilatory in bringing them. *See Garcia v. Laclair*, No. 06 Civ. 1019 (SES)(DF), 2008 WL 801278, at *4 (S.D.N.Y. March 24, 2008). Accordingly, it denies his motion for a stay.

When a habeas petition includes both exhausted and unexhausted claims, a court is left with two options: to either dismiss the entire petition, or to give the petitioner an opportunity to amend the petition to exclude the unexhausted claims. *See Rhine*, 544 U.S. at 274-78; *Taylor*, 2009 WL 2634724, at *31. Given that Petitioner has properly exhausted three of his claims, the Court assumes that he does not want his entire petition dismissed. By February 28, 2019, Petitioner shall thus amend his petition to include only his unexhausted claims. Respondent's

4

opposition to the petition shall be due forty-five days thereafter.

SO ORDERED.

Dated: January 22, 2019
New York, New York

_____
RONNIE ABRAMS
United States District Judge