UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 7/10/2020

MARIO CASTRO,

                        Petitioner,

              v.

JAMIE LAMANA, *Superintendent of the Green
Haven Correctional Facility*,

                        Respondent.

No. 18-CV-3315 (RA)

AMENDED ORDER
ADOPTING REPORT AND
RECOMMENDATION

RONNIE ABRAMS, United States District Judge:

Petitioner Mario Castro, proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in connection with his July 2013 state-law conviction for murder in the second degree.  On February 28, 2019, Petitioner filed an amended petition (the "Petition" or "Pet.").  *See* Dkt. 19.  On March 30, 2020, Magistrate Judge Stewart Aaron issued a Report and Recommendation (the "Report") recommending that the Court deny the Petition in its entirety.  *See* Dkt. 26.  As this Court has previously detailed, although the Report outlined the procedures for the parties to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), and warned that failure to object within fourteen (14) days would result in a waiver of objections and preclude appellate review, *see* Report at 27, neither party filed objections within the requisite time period.  In light of Petitioner's *pro se* status, his filing of a "Notice of Appeal" on April 21, 2020, and the COVID-19 crisis, however, the Court extended his time to file written objections to May 12, 2020.  *See* Dkt. 28.  When no objections were received, on May 28, 2020, the Court reviewed the Report for clear error and, finding none, issued an order adopting it in full.  *See* Dkt. 30.  Later that day, however, Petitioner's written objections—dated May 12, 2020—were received by the Pro Se Office and filed on the docket.  *See* Dkt. 31.  As noted in its

May 29, 2020 Order, *see* Dkt. 32, the Court will now consider Petitioner's objections, as well as the response filed by Respondent on June 12, 2020, *see* Dkt. 34.

The Court assumes the parties' familiarity with the facts, as outlined in detail by the Report. For the following reasons, the Court adopts Judge Aaron's through and well-reasoned Report in its entirety. The Petition is therefore denied.

## LEGAL STANDARDS

When a magistrate judge has issued a report and recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made [therein]." 28 U.S.C. § 636(b)(l). "When a timely and specific objection to a report and recommendation is made, the Court reviews *de novo* the portion of the report and recommendation to which the party objects." *Razzoli v. Federal Bureau of Prisons*, No. 12 Civ. 3774 (LAP) (KNF), 2014 WL 2440771, at *5 (S.D.N.Y. May 30, 2014) (citing 28 U.S.C. § 636(b)(l) and Fed R. Civ. P. 72(b)(3)). "To accept those portions of the report to which no timely objection has been made, however, 'a district court need only satisfy itself that there is no clear error on the face of the record.'" *Id.* (quoting *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)).

Moreover, "[w]hen a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Walker v. Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002); *see also Crum v. Billingsby*, No. 11 Civ. 2979 (GBD) (RLE), 2014 WL 2855030, at *1 (S.D.N.Y. June 20, 2014) ("[W]here the objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition, reviewing courts should review a report and recommendation for clear error.") (citation omitted). "A magistrate judge's decision is clearly erroneous only if the district court is 'left with the definite and firm conviction that a

mistake has been committed.'" *Stenson v. Heath*, No. 11-CV-5680 (RJS) (AJP), 2015 WL 3826596, at *2 (S.D.N.Y. June 19, 2015) (citation omitted).

The Court must also be mindful that a *pro se* litigant's submissions are to be "construed liberally and interpreted 'to raise the strongest arguments that they suggest.'" *Restea v. Brown Harris Stevens LLC*, No. 17-CV-4801 (VEC) (GWG), 2018 WL 3435060, at* 1 (S.D.N.Y. July 16, 2018) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). Nevertheless, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Crum*, 2014 WL 2855030, at * 1 (citation omitted).

## DISCUSSION

Petitioner makes four main objections to the Report.  Each of these arguments, however, was previously raised in the Petition and considered by Judge Aaron.  Moreover, Petitioner's objections are not "specific and clearly aimed at particular findings in the [Report]," but rather, seek to "simply relitigat[e] [his] prior argument[s]." *Crum*, 2014 WL 2855030, at * 1 (citation omitted).  The Court thus reviews the objections only for clear error.  *See Walker*, 216 F. Supp. 2d at 292.

First, Petitioner objects to the Report on the grounds that his rights to a fair trial and due process were violated when the trial court admitted evidence—pursuant to *People v. Molineux*, 168 N.Y. 264 (1901) ("the *Molineux* ruling")—of an uncharged burglary that Petitioner, Pablo Garcia (a co-defendant at trial), and Ramon Acevedo (a cooperating witness at trial) previously committed in Queens, New York (the "Queens Burglary").  *See* Obj. at 5.  Petitioner raised this precise argument as "Ground 1" in the Petition.  *See, e.g.*, Pet. at 3 ("The trial court violated

Petitioner's right to a fair trial when it allowed the prosecution to introduce highly inflammatory evidence of alleged prior misconduct . . . [including] Petitioner's alleged participation in an uncharged burglary in the County of Queens."). Judge Aaron specifically considered and rejected this argument, concluding that "[t]he trial court acted reasonably in exercising its discretion" to admit evidence of the Queens Burglary. *See* Report at 19. Moreover, Judge Aaron found that even if the trial court did err in admitting this evidence, "the evidence of Petitioner's guilt was overwhelming, including DNA evidence, testimony by his accomplices and his own incriminating statement," such that Petitioner's due process rights were not violated. *See id.* at 19. The Court discerns no clear error in the Report's conclusions regarding the *Molineux* ruling.

Petitioner's additional objections to Judge Aaron's recommendations regarding the Queens Burglary are either unsupported or contradicted by the record. Petitioner's contention that no curative instruction regarding the *Molineux* ruling was given to the jury, *see* Obj. at 6, for instance, is directly contradicted by the findings of the Report. *See* Report at 9 (explaining that the jury was instructed that testimony regarding the Queens Burglary could only be used for a limited purpose, and not "as any evidence that [Petitioner] committed any of the crimes he is on trial for here" (citing Dkt. 25-5 at 780 (trial transcript)). Petitioner also fails to explain how the Report purportedly "brushes past the precept in *Cox* that . . . habeas relief may be warranted based on a state court's evidentiary ruling in the rare case where a petitioner can demonstrate that an erroneous evidentiary ruling resulted in a violation of a fundamental constitutional right." Obj. at 5 (citing *Cox v. Bradt*, No. 10-CV-09175 (CM) (JLC), 2012 WL 2282508, at *14 (S.D.N.Y. June 15, 2012)). To the contrary, Judge Aaron did not "brush[] past" this "precept"; rather, he concluded that because the trial court is afforded discretion with respect to its evidentiary rulings, and in light of the overwhelming evidence of Petitioner's guilt, this was not the "rare case" in which an

evidentiary ruling amounts to a violation of a petitioner's constitutional rights to a fair trial or due process. *See* Report at 19. In short, Judge Aaron did not err in applying *Molineux* or in concluding that the trial court's admission of this evidence did not violate Petitioner's constitutional rights. *See* Report at 20.

Second, Petitioner objects to the Report's conclusion that Ground Two and Ground Three of the Petition are procedurally barred. *See* Obj. at 7. Petitioner argues that these claims were "fully exhausted" because they were included in his leave to appeal application to the New York Court of Appeals. *See id.* Again, however, Petitioner specifically raised this argument before Judge Aaron, *see* Pet. Reply, Dkt. 22, at 17, and it was carefully considered and rejected. *See* Report at 20-21. The Court finds no error in Judge Aaron's determination that Petitioner's appeal "was confined to the *Molineux* ruling regarding the Queens Burglary." *See* Report at 20; *see also* Dkt. 20-5 (Leave Application).[1]

Third, Petitioner objects to the Report's conclusion that the trial court did not err in its failure to give an "accomplice-corroboration charge" with respect to the testimony of Joshua Mendez-Torres, a cooperating witness. *See* Obj. at 8. This is the same argument made in Ground Two of the Petition, *see* Pet. at 7-8, which Judge Aaron already addressed, *see* Report at 21-22. Judge Aaron did not err in concluding that "New York's preservation rules constitute an adequate and independent state law ground" such that Ground Two was procedurally barred. *Id.* at 21. Moreover, despite the procedural bar, Judge Aaron addressed the merits of Petitioner's claim and correctly concluded that the failure to give an accomplice-corroboration charge did not raise an issue of federal constitutional law. The Court finds no clear error in those determinations.

---

[1] As discussed below, Judge Aaron also rejected Grounds Two and Three on the merits, despite the procedural bar. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

Finally, Petitioner objects to the Report's determination that Ground Three of the Petition should be denied.  *See* Obj. at 9.  Petitioner contends that his constitutional right to a fair trial was violated because Acevedo provided "false testimony" at trial, and because the trial court failed to charge the jury with "a particular instruction" about "Acevedo's guilty plea."  *See* Obj. at 9-10. As with his other objections, Petitioner again attempts to merely relitigate the arguments he raised in his Petition.  Indeed, in Ground Three of the Petition, Petitioner argued that his right to a fair trial was violated by Acevedo's "inaccurate testimony" and by the trial court's "refusal to charge that [Acevedo's] guilty plea was not evidence of Petitioner's guilt."  *See* Pet. at 10.  Judge Aaron carefully considered these arguments, and rightly concluded that they were not only procedurally barred, *see* Report at 23, but also should be denied on the merits, *see* Report at 23-26.  The Court finds no clear error in these determinations.

In sum, the Court finds no error—clear or otherwise—in Judge Aaron's Report.  *See Walker*, 216 F. Supp. 2d at 292.  Even if the Court were to review the Report *de novo*, its conclusions would be the same, and would rest on the same reasoning as that articulated by Judge Aaron.

## CONCLUSION

For the foregoing reasons, the Court adopts the Report and Recommendation in its entirety. Accordingly, the petition for a writ of habeas corpus is denied, and the action is dismissed.  The Clerk of Court is respectfully directed to mail a copy of this Order to Petitioner and close this case. SO ORDERED.

Dated:     July 10, 2020
           New York, New York

Ronnie Abrams
United States District Judge

6